IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENTE MIRANDA OCADIO | ) | CASE NO. 4:10 CV2235 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U. S. DEPARTMENT OF JUSTICE, *et al.* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Introduction**

Plaintiff, Vicente Miranda Ocadio, filed this *pro se* Complaint against defendants U.S. Department of Justice; Harley G. Lappin, Director of the Federal Bureau of Prisons (FBOP); Robert E. McFadden, FBOP Regional Director; R. Ali, Discipline Hearing Officer (DHO); and Richard B. Ives, Warden, Federal Correctional Institution (FCI), Herlong, California[1]. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §1915(e).

**Facts**

The administrative record appended to plaintiff's Complaint shows the following. In October 2009, a prison Incident Report was completed stating that plaintiff was found to be in possession of a cellular phone, a Code 305 misconduct for possession of anything not authorized for retention or receipt by the inmate. The matter was referred to the Unit Disciplinary Committee (UDC) which found plaintiff was guilty of the misconduct given that he admitted he was in possession of the phone. Additionally, the UDC believed the reporting officer's written statement

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution, Elkton, Ohio, but the events giving rise to this Complaint occurred at FCI Herlong.

that she heard and visually observed plaintiff conversing on the phone. The UDC referred the matter to the DHO for further hearing and recommended that the prohibited act be increased from a Code 305 violation to a Code 108 violation given the "serious threat to security and orderly running of the institution" posed by the possession of a cellular phone.

In November 2009, a DHO hearing was held wherein plaintiff was accompanied by a staff representative and declined to call witnesses on his behalf. During the hearing, plaintiff did not take ownership of the phone and he stated, "The phone had no SIM card.[2] The staff member is being untruthful because she did not hear me speaking on it." Confidential information was also used by the DHO in support of his findings. The DHO issued his report which stated that at the beginning of the DHO hearing plaintiff was notified that the DHO agreed with the recommendation of the UDC that the Code 305 charge should be increased to Possession of a Hazardous Tool, Code 108, due to the serious threat to security and orderly running of the institution. The DHO found that plaintiff "committed the prohibited act of Possession of a Hazardous Tool, Code 108 (Cellular Phone)."

In December 2009, plaintiff appealed that decision. On April 2, 2010, the Regional Director issued his decision upholding the DHO finding. The Regional Director noted that plaintiff challenged the increase of the violation from a Code 305 to a Code 108, and had argued that there was no evidence to support the violation. The Regional Director concluded that plaintiff received due process as he was afforded all the rights provided to him during such a hearing. Additionally, the Regional Director rejected plaintiff's assertion that the DHO decision should be rejected,

The DHO report clearly indicates the basis for the finding that you committed the prohibited

---

[2] Apparently, a "SIM card" refers to a Subscriber Identity Module card.

>act and explains the purpose of imposing the sanctions which are within policy. The record shows you stated the cellular phone did not have a SIM card when staff recovered it from you. Moreover, you do not deny having possession of the cellular telephone. A cellular telephone presents a unique risk to the safety and security of a correctional institution since its unmonitored use can lead to escapes, escape attempts, introduction and attempts to introduce narcotics, dangerous drugs or other hazardous materials.

Plaintiff appealed that decision to the Office of the General Counsel, Bureau of Prisons. It is unclear whether a decision had been made by that office at the time plaintiff filed his Complaint herein.

In his Complaint, plaintiff asserts that he was improperly charged with the Code 108 violation rather than the Code 305 violation because possession of a cell phone does not qualify as a "Hazardous Tool"under Code 108. He also alleges that the DHO deprived him of due process.

Plaintiff asks the Court to reverse the findings of the DHO and Regional Director.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

**Discussion**

Due process requires that a prisoner being disciplined receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline. *Curry v. Zych*, 2010 WL 864486 * 3 (E.D.Mich., Mar. 9, 2010) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563-66. (1974)). Due process is satisfied when (1) the inmate receives twenty-four hours advance written notice of the charges, (2) the inmate

receives an opportunity to present documentary evidence and testimony from witnesses, (3) the inmate receives assistance from other inmates or staff (if desired by the inmate), and (4) the inmate receives a written statement by a neutral fact finder of the evidence relied on and the reasons for the disciplinary action. *Id.* (citing *Wolff,* 418 U.S. at 564-566).

The Regional Director's decision makes clear that plaintiff received due process during the disciplinary action as he received advanced written notice of the charge more than 24 hours prior to his appearance before the DHO, he was afforded his right to staff representation and witnesses (a staff representative appeared at the hearing and plaintiff waived his right to call witnesses), and he had an opportunity to make a statement and present documentary evidence on his behalf. Plaintiff received written statements of the fact finders' decisions.

Under the Prohibited Acts Rules, the most serious offenses ("Greatest Category") are listed in Code Nos. 100-199. A Code 108 offense is defined as: "Tools most likely to be used in an escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety." *Bachelder v. Patton*, 2007 WL 108415 * 1 (E.D.Ky., Jan. 12, 2007). *See* 28 C.F.R. § 541.13, Table 3-Prohibited Acts and Disciplinary Severity Scale.

The DHO and Regional Director determined that the possession of a cell phone presents a risk to the safety and security of the prison in that it can lead to escapes, attempted escapes, and the introduction of drugs or other hazardous materials into the institution.

Plaintiff alleges that he should not have been charged with a Code 108 violation because possession of a cell phone does not qualify as a "Hazardous Tool." Other courts have rejected this argument. *See Thorn v. Shartle*, 2011 WL 43241 * 4 (N.D. Ohio, Jan. 6, 2011) ("A cell phone can be used by a prisoner in an attempt to escape incarceration and, thus meets the statutory definition

of a "tool" [under Code 108].")

So long as "some evidence" exists to support the prison disciplinary decision, the decision must be upheld. *Id.* (citations omitted) The evidence herein shows that plaintiff did not deny that he was in possession of the cellular phone when it was confiscated by the prison employee who heard plaintiff on the phone and observed him using it. Clearly, evidence exists to support the disciplinary decision.

For these reasons, the Complaint fails to state a claim upon which relief can be granted.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: 3/15/11                                  /s/ Patricia A. Gaughan
                                                                               PATRICIA A. GAUGHAN
                                                                               UNITED STATES DISTRICT JUDGE